United States District Court
Southern District of Texas
**ENTERED**
July 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JAVIER ESQUEDA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:22-cv-00286 |
| AXIS SURPLUS INSURANCE COMPANY, | § § § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

The Court now considers Defendant's motion for summary judgment.[1] Plaintiff did not respond to the instant motion, so by operation of the Local Rules, the motion is unopposed.[2] After duly considering the record and relevant authorities, the Court **GRANTS** the motion and **DISMISSES** the case **WITH PREJUDICE**.

### I. FACTUAL AND PROCEDURAL HISTORY

This is case arises from an insurance dispute over damage to several buildings on a commercial property on Mile 3 Road in Palmhurst, Texas. Plaintiff made an insurance claim to Defendant on August 3, 2020, alleging water and wind damage from Hurricane Hanna.[3]

According to the uncontroverted evidence, Defendant assigned the claim to North American Risk Services ("NARS") as its administrator, which in turn engaged Engle Martin & Associates, LLC ("EMA") as its field adjuster.[4] EMA adjusters inspected the property in August

---

[1] Dkt. No. 13.
[2] L.R. 7.4.
[3] Dkt. No. 13-2 at 6.
[4] *Id.* at 6, 13.

2020 and found only wear-and-tear unrelated to wind.[5] Plaintiff retrained his own adjuster, Pride Public Adjusters, Inc.[6] But "[a]fter months of little to no response from the public adjuster, [Defendant] closed the claim, and Pride Public Adjusters, Inc. notified [Defendant] of its resignation."[7]

Plaintiff later retained counsel and Defendant agreed to have the property double-checked by a new field adjuster, Provencher & Company ("Provencher").[8] Provencher inspected the property in December 2021 and issued a report finding all damage was "caused prior to the reported date of loss or caused by normal wear and tear."[9] On April 12, 2022, NARS sent Plaintiff a claim denial letter.[10]

In the run-up to this lawsuit, Defendant had the property triple-checked by new engineers ("Roof Tech")[11] and construction consultants ("DBI").[12] They also assessed covered damage at $353.82.[13] On August 17, 2022, Plaintiff filed suit in this Court alleging contractual and extracontractual claims.[14] The Court's scheduling order gave Plaintiff a deadline of February 28, 2023, to designate experts and provide expert reports in accordance with Rule 26.[15] Plaintiff timely designated Justin Galindo as his expert, but did not provide a report.[16] Defendant now moves for summary judgment.

---

[5] *Id.;* Dkt. No. 13-5.
[6] Dkt. No. 13-2 at 13.
[7] *Id.*
[8] Dkt. No. 13 at 6.
[9] Dkt. No. 13-6 at 4.
[10] Dkt. No. 13-2.
[11] Dkt. No. 13-3.
[12] Dkt. No. 13-4.
[13] *Id.* at 29.
[14] Dkt. No. 1.
[15] Dkt. No. 10.
[16] Dkt. No. 13-7.

## II.  SUMMARY JUDGMENT LEGAL STANDARD

Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[18] The burden then shifts to the non-movant to demonstrate the existence of a genuine issue of material fact.[19] "A fact is 'material' if its resolution could affect the outcome of the action,"[20] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[21] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[22]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[23] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[24] Parties may cite to any part of the record, or bring evidence in the motion and response.[25] By either method, parties need not proffer evidence in a form admissible at trial,[26] but must proffer evidence substantively admissible at trial.[27] However, a

---

[17] Fed. R. Civ. P. 56(a).
[18] See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
[19] See id.
[20] Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[21] Fordoche, Inc. v. Texaco, Inc., 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[22] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[23] See Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[24] See FED. R. CIV. P. 56(e).
[25] See FED. R. CIV. P. 56(c).
[26] See Celotex Corp., 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[27] See Bellard v. Gautreaux, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").

plaintiff may not rely simply upon the allegations in his complaint, but rather must bring forth summary judgment evidence of those facts alleged in the complaint.[28]

### III. ANALYSIS

"In a case claiming breach of an insurance contract, the plaintiff must show coverage, that the contract was breached, that the insured was damaged by the breach, and the amount of resulting damages."[29] At trial, the burden is on Plaintiff to prove coverage (his allegation that "Defendant refused to fully compensate the Plaintiff under the terms of the Policy for a covered loss"[30]) and breach (that the true figure for "estimated repairs for Plaintiff's home are over $249,000 well above Plaintiff's deductible."[31]).

Defendant's evidence indicates that it "investigated the claim and engaged two independent adjusting firms: Engle Martin & Associates, LLC and Provencher. The independent adjusting firms independently reached the same conclusion—the 308 Property's roof was not damaged by Hurricane Hanna."[32] Later, Roof Tech found "that the exteriors were not generally wind damaged. There were no claddings that were detached, loose, bowed outward, peeled back, or otherwise displaced in a manner consistent with wind pressure. However, there was one downspout at the west elevation that was partially displaced and may have been caused by wind pressure."[33] DBI assessed $383.82 to replace that displaced downspout.[34]

---

[28] *Hugh Symons Grp. v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) (citing *Celotex*, 477 U.S. at 324) ("Unsubstantiated assertions are not competent summary judgment evidence.").
[29] *Metro Hosp. Partners, Ltd. v. Lexington Ins. Co.*, 84 F. Supp. 3d 553, 569-70 (S.D. Tex. 2015) (citing *Block v. Employers Cas. Co.*, 723 S.W.2d 173, 178 (Tex. App.-San Antonio 1986), aff'd, 744 S.W.2d 940 (Tex.1988)).
[30] Dkt. No. 1 at 7, ¶ 18.
[31] *Id.* at 4, ¶ 13 (note that the evidence does not indicate the property is Plaintiff's residence).
[32] Dkt. No. 13-2 at 13.
[33] Dkt. No. 13-3 at 26.
[34] Dkt. No. 13-4 at 14.

The burden then shifts to Plaintiff.[35] While a plaintiff may testify as to the damage to his property and, in some instances, even as to the cost of repair, here, Plaintiff provides nothing to rebut Defendant's evidence. Plaintiff did not file a response, and the alluded-to report from Pride Public Adjusters[36] is not in the record. Additionally, Plaintiff's proffered expert, Justin Galindo, did not provide a report as required by Federal Rule of Civil Procedure 26(a)(2),[37] nor did he provide an affidavit to support Plaintiff's case at summary judgement.

Therefore, Defendant is entitled to summary judgment as a matter of law. Summary judgement as to Plaintiff's breach of contract claim is **GRANTED**, and summary judgment is also **GRANTED** as to Plaintiff's extracontractual claims because "an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy."[38]

### IV.   HOLDING

For the foregoing reasons, the Court finds that Plaintiff cannot maintain a genuine dispute as to any material fact at trial and **GRANTS** Defendant's motion for summary judgment. A separate final judgment will issue, pursuant to Rule 54.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 11th day of July 2023.

_____
Micaela Alvarez
Senior United States District Judge

---

[35] *Celotex*, 477 U.S. at 323.
[36] Dkt. No. 13-2 at 13.
[37] Dkt. No. 13-7. The Court can find no evidence that Justin Galindo or Ace Contracting Services, Inc., was retained before litigation such that he might be exempt from written report requirement under FED. R. CIV. P. 26(a)(2)(C).
[38] *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018).